UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN LEE HOCH, et al.,

        Plaintiffs,

vs.

ELI LILLY AND COMPANY, et al.

        Defendants.

Case No. 1:10-cv-01191 (RCL)

## BRISTOL-MYERS SQUIBB COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Bristol-Myers Squibb Company ("Squibb"), one of the Defendants, by its undersigned attorneys, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

Answers to each paragraph of the Complaint by Squibb are made without waiving, but expressly reserving, all rights that Squibb may have to seek relief by appropriate motions directed to the allegations of the Complaint.

### AS ANSWER TO PLAINTIFF'S COMPLAINT
### (DES LITIGATION – PRODUCTS LIABILITY)

1. Whether the Court has jurisdiction is a legal question to which no response is required. To the extent a response is required, Squibb admits that plaintiffs purport to meet the jurisdictional requirements of statute.

2. Squibb denies the allegations contained in Paragraph 2 as stated, but admits that following approval of its Supplemental New Drug Application, Squibb manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature, and that it did sell and distribute DES in

the District of Columbia. Squibb also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration ("FDA") approved Squibb's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Squibb denies the allegations contained in Paragraph 2 of the Complaint.

## COUNT I
## (NEGLIGENT FAILURE TO WARN – SUSAN HOCH)

3. In response to the allegations contained in Paragraph 3 of the Complaint, Squibb admits that following approval of its Supplemental New Drug Application, Squibb manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature, and that it did sell and distribute DES in the Commonwealth of Pennsylvania. Squibb also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration ("FDA") approved Squibb's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Squibb is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis denies same.

4. Squibb denies the allegations contained in Paragraph 4 of the Complaint.

5. Squibb denies the allegations contained in Paragraph 5 of the Complaint.

6. Squibb denies the allegations contained in Paragraph 6 of the Complaint.

## COUNT II
## (NEGLIGENT FAILURE TO TEST– SUSAN HOCH)

7. Squibb repeats and realleges its answers in Paragraph 1 through Paragraph 6 above.

8. Squibb denies the allegations contained in Paragraph 8 of the Complaint.

9. Squibb denies the allegations contained in Paragraph 9 of the Complaint.

10. Squibb denies the allegations contained in Paragraph 10 of the Complaint.

## COUNT III
## (STRICT LIABILITY– SUSAN HOCH)

11. Squibb repeats and realleges its answers in Paragraph 1 through Paragraph 10 above.

12. Squibb denies the allegations contained in Paragraph 12 of the Complaint.

13. Squibb denies the allegations contained in Paragraph 13 as stated, but admits that following approval of its Supplemental New Drug Application, Squibb manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Squibb denies the allegations contained in Paragraph 13 of the Complaint.

14. Squibb is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies same.

15. Squibb denies the allegations contained in Paragraph 15 of the Complaint.

16. Squibb denies the allegations contained in Paragraph 16 of the Complaint.

17. Squibb denies the allegations contained in Paragraph 17 of the Complaint.

18. Squibb denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT IV
## (BREACH OF WARRANTY – SUSAN HOCH)

19. Squibb repeats and realleges its answers in Paragraph 1 through Paragraph 18 above.

20. Squibb denies the allegations contained in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application, Squibb manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Squibb denies the allegations contained in Paragraph 20 of the Complaint.

21. Squibb denies the allegations contained in Paragraph 21 of the Complaint.

22. Squibb denies the allegations contained in Paragraph 22 of the Complaint.

23. Squibb denies the allegations contained in Paragraph 23 of the Complaint.

### COUNT V
### (MISREPRESENTATION – SUSAN HOCH)

24. Squibb repeats and realleges its answers in Paragraph 1 through Paragraph 23 above.

25. Squibb denies the allegations contained in Paragraph 25 as stated, but admits that following approval of its Supplemental New Drug Application, Squibb manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Squibb denies the allegations contained in Paragraph 25 of the Complaint.

26. Squibb is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis denies same.

27. Squibb denies the allegations contained in Paragraph 27 of the Complaint.

28. Squibb denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT VI
## (LOSS OF CONSORTIUM – RICHARD W. HOCH, JR.)

29. Squibb repeats and realleges its answers in Paragraph 1 through Paragraph 28 above.

30. Squibb is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, incorrectly numbered as "4", and on that basis denies same.

## GENERAL DENIAL

Squibb admits that Plaintiffs seek the relief requested in the WHEREFORE paragraphs following paragraph 30, incorrectly numbered as "4", of Plaintiffs' Complaint, but denies that Plaintiffs are entitled to judgment, or any such relief, from Squibb. Squibb specifically denies those allegations contained in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Squibb reserves the right to amend its Answer and/or amend or add defenses to conform to such facts as may be revealed in discovery or otherwise. Without assuming the burden of proof of such defenses that it would not otherwise have, Squibb affirmatively asserts the following defenses:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

## THIRD DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages (which injuries and damages are denied), were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Squibb had no control.

## FOURTH DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

## FIFTH DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## SIXTH DEFENSE

Plaintiffs' claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement (Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

## SEVENTH DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and

instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

### EIGHTH DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

### NINTH DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk pursuant to applicable state law.

### TENTH DEFENSE

Plaintiffs' natural mother was guilty of contributory negligence, which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiffs in this case.

### ELEVENTH DEFENSE

The claims set forth in the Complaint are barred because Squibb breached no warranty, express or implied, to Plaintiffs or to Plaintiffs' mothers or to putative members of the proposed classes.

### TWELFTH DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose. Plaintiffs' claims are barred by applicable state law.

### THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Plaintiffs' mother was properly prepared in accordance with the applicable standard of care.

### FOURTEENTH DEFENSE

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

### FIFTEENTH DEFENSE

Plaintiffs' alleged damages were not caused by any failure to warn on the part of Squibb.

### SIXTEENTH DEFENSE

To the extent applicable, Squibb is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages, and those of putative members of the proposed classes.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs' mothers' prescribing physicians were, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

### EIGHTEENTH DEFENSE

The design, testing, and labeling of diethylstilbestrol was in conformity with the generally recognized and prevailing state of the art, i.e., the best technology reasonably available in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product.

### NINETEENTH DEFENSE

Plaintiffs' Complaint is defective in that Plaintiffs have failed to join indispensable parties.

### TWENTIETH DEFENSE

Plaintiffs failed to give adequate or timely notice to Squibb of any alleged breach of warranty after Plaintiffs discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

### TWENTY-FIRST DEFENSE

Should Squibb be held liable, which liability is specifically denied, Squibb would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred and preempted by Squibb's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

### TWENTY-THIRD DEFENSE

Any alleged injuries caused by diethylstilbestrol (which causal connection Squibb has denied and continues to deny) are not the result of any act or omission of Squibb, but rather the result of the misuse or abuse of diethylstilbestrol by Plaintiffs' mother, which misuse or abuse bars the Plaintiffs from any recovery against Squibb.

### TWENTY-FOURTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision

or licensing of the product as of the time Squibb sold or otherwise parted with possession and control of the product in question.

### TWENTY-FIFTH DEFENSE

Squibb had no duty to warn about any possible dangers in using diethylstilbestrol that were not known at the time of manufacture and sale of the product.

### TWENTY-SIXTH DEFENSE

Any damages sustained by Plaintiffs were caused by or contributed to by modification, alterations or maintenance of diethylstilbestrol after said prescription drug left the care, custody or control of Squibb.

### TWENTY-SEVENTH DEFENSE

Squibb denies any negligence or wrongdoing, denies it is liable under any theory of negligence or strict liability, and denies that diethylstilbestrol contributed to Plaintiffs' alleged injuries, losses or damages.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' product liability causes of action are barred because diethylstilbestrol was consistent with or exceeded consumer expectations.

### TWENTY-NINTH DEFENSE

Plaintiffs' mother assumed the risks inherent in the use of diethylstilbestrol and her assumption of risk is a bar to Plaintiffs' recovery in this case.

### THIRTIETH DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct Squibb is not responsible or with whom Squibb had no legal relationship.

## THIRTY-FIRST DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## THIRTY-SECOND DEFENSE

There is no privity between Plaintiffs and Squibb; therefore, Plaintiffs are barred from bringing any claims in which privity is an element.

## THIRTY-THIRD DEFENSE

In order to establish the fact of legal damage or loss, the Plaintiffs must establish the product they allege caused injury was not a factor in preserving the pregnancy that resulted in Plaintiffs' birth.

## THIRTY-FOURTH DEFENSE

Plaintiffs' causes of action re barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## THIRTY-FIFTH DEFENSE

Plaintiffs' causes of action re barred by the Doctrine of Laches.

## THIRTY-SIXTH DEFENSE

Plaintiffs' causes of action are barred by the application of the Borrowing Statute as adopted by applicable state law.

## THIRTY-SEVENTH DEFENSE

To the extent the Plaintiffs seek application of a state's law other than the state law that governs pursuant to an appropriate choice-of-law analysis, such claims conflict with the Due Process and Full Faith and Credit Clauses and are barred by the Supremacy Clause of the United States Constitution.

### THIRTY-EIGHTH DEFENSE

To the extent that the laws of another state apply to the action of plaintiff, Squibb asserts any and all defenses under the laws of that state, including any defenses arising under that state's Constitution or similar charter.

### THIRTY-NINTH DEFENSE

Count VI of the Complaint attempts to set forth a cause of action for loss of consortium, which cannot be maintained because the causes of action arose before the Plaintiffs were husband and wife.

### FORTIETH DEFENSE

In the event that Squibb is jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Squibb reserves its right of contribution and/or indemnity pursuant to the applicable state law.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Squibb prays as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That Squibb be awarded its costs and disbursements herein to be taxed as provided by law.

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000

and

David M. Covey
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004
Phone: (212) 422-0202
Fax: (212) 422-0925
*Attorneys for Defendant*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2010, I caused the following document: **BRISTOL-MYERS SQUIBB COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to be filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record listed below:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Ericka L. Downie, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Pharmacia and Upjohn Company & Merck & Co., Inc.*

Craig C. Reilly, Esquire
111 Oronoco Street
Alexandria, VA 22314; *Attorneys for Dart Industries, Inc.*

Sandra Tofte Carson, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc. & Mallinckrodt, Inc.*

Jordan D. Weiss, Esquire
Goodwin Proctor, LLP
620 Eighth Avenue
New York, NY 10018 *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

William D. Sanders, Esquire
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 200
Florham Park, New Jersey 07932; *Attorneys for Sanofi Aventis*

John K. Crisham, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793; *Attorneys for Abbott Laboratories, Inc.*

Harold M. Walter, Esquire
Offit Kurman, P.A.
8171 Maple Lawn Blvd., Suite 200
Fulton, MD 20759; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314; *Attorneys for Person & Covey, Inc.*

Robert N. Kelly, Esquire
Jackson & Campbell, PC
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036; *Attorneys for Kremers-Urban Co.*

/s/
Sidney G. Leech