UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN LEE HOCH, et al.,<br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br>Defendants. | Civil Action No. 10-1191 (RCL) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion [5] to Remand to D.C. Superior Court Due to Lack of Diversity Jurisdiction. Upon consideration of the motion, defendant's opposition thereto [22], and defendant's supplemental authority in opposition thereto [38, 41], the Court will deny the motion for the reasons set forth below.

### I. BACKGROUND

Plaintiffs, citizens of Pennsylvania, filed this action in the Superior Court of the District of Columbia. On July 14, 2010, defendant Eli Lilly and Company ("Lilly") removed the case to this Court, alleging diversity jurisdiction. In its Notice of Removal, Lilly asserted that, to the best of its knowledge, none of the remaining defendants are incorporated in, or have their principal place of business in, the state of Pennsylvania. Notice of Removal at 5, ECF No. 1.

On July 16, 2010, the plaintiffs moved to remand the case to the D.C. Superior Court on the ground that defendant GlaxoSmithKline LLC ("GSK LLC") is a citizen of Pennsylvania, thus defeating diversity jurisdiction and precluding removal under 28 U.S.C. § 1441. The plaintiffs argue that GSK LLC is a citizen of Pennsylvania, because its principal place of business under

1

the "nerve center" test is in Pennsylvania. The plaintiffs further argue that Pennsylvania courts retain jurisdiction over GSK LLC, formerly SmithKline Beecham Corporation ("SBK"), under 15 Pa. C.S. § 1979, which subjects corporations to suit in Pennsylvania for two years after dissolution.

In its opposition to the motion to remand, GSK LLC argues that it is not a corporation to which the "nerve center" test applies. GSK LLC asserts that it is a limited-liability company, and thus that its citizenship is determined by that of its members. GSK LLC's sole member is GSK Holdings. The defendant contends that GSK Holdings is incorporated in Delaware and that its principal place of business is in Delaware. The defendant further argues that Section 1979 is inapplicable, because SBK did not dissolve under Pennsylvania law. Rather, it converted into a Delaware limited-liability company that can still be sued.

## II. DISCUSSION

As the defendant asserts, a limited-liability company's citizenship is determined by the citizenship of its members. *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 102 (D.D.C. 2008). GSK LLC's only member is GSK Holdings, a Delaware corporation. As a corporation, GSK Holdings' citizenship is determined by its state of incorporation and its principal place of business. There is no dispute that GSK Holdings is incorporated in Delaware. Thus, the only question before the Court is the location of GSK Holdings' principal place of business.

The Supreme Court has articulated the appropriate test for determining a corporation's principal place of business. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). In *Hertz*, the Court adopted the "nerve center" test, under which a corporation's principal place of business is the place where its "high level officers direct, control, and coordinate the corporation's activities." *Id.* at 1186. The Court stated that the nerve center will "typically be found at a corporation's

headquarters." *Id.* The nerve center should be more than "simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.*

The plaintiffs mistakenly treat GSK LLC as a corporation, applying the nerve center test to GSK LLC rather than to its sole member, GSK Holdings. The plaintiffs offer no evidence to demonstrate that GSK Holdings does not have its principal place of business in Delaware.

In support of its assertion that GSK Holdings' principal place of business is in Delaware, the defendant has submitted the declaration of Julian Heslop, Chief Financial Officer of GlaxoSmithKline PLC and President and director of GSK Holdings. Mr. Heslop states that GSK Holdings "holds financial assets and liabilities, largely in relation to the GlaxoSmithKline group of companies," and performs a "narrow asset management function." Decl. of Julian Heslop at ¶ 15, attached as Ex. A to Defs.' Opp'n. He avers that GSK Holdings is headquartered in Delaware and uses a Delaware address for documents filed with the Delaware Secretary of State and federal tax filings. *Id.* at ¶¶ 13, 17, and 18. According to the declaration, many actions in furtherance of GSK Holdings' business are conducted outside Delaware, particularly in London. *Id.* at ¶ 15. However, "formal control over and approval of all significant decisions regarding these actions are made or ratified by its officers and directors in Delaware." *Id.* Further, GSK Holdings' quarterly meetings, during which its Board of Directors approves corporate accounts and key business activities, take place in Delaware. *Id.* at ¶ 22.

Mr. Heslop's declaration provides sufficient evidence that GSK Holdings' nerve center is in Delaware. It is headquartered there, its officers and directors make and ratify significant decisions there, and its board meetings take place there. The evidence indicates that Delaware is the place where GSK Holdings' "high level officers direct, control, and coordinate the

corporation's activities." *See Hertz*, 13 S.Ct. at 1186. Under *Hertz*, therefore, GSK Holdings' principal place of business is in Delaware. Because GSK Holdings is incorporated in and has its principal place of business in Delaware, it is a citizen of Delaware. Accordingly, GSK LLC is a citizen of Delaware.

The plaintiffs further argue that, notwithstanding GSK LLC's citizenship, Pennsylvania courts retain jurisdiction over GSK LLC for two years after its dissolution as a Pennsylvania corporation. This argument relies on 15 Pa. C.S. § 1979, under which a corporation's dissolution "shall not eliminate nor impair any remedy available to or against the corporation" for claims existing or liabilities incurred prior to dissolution. Section 1979 provides a two-year survival period during which plaintiffs can recover against a fully dissolved corporation.

Section 1979, however, is inapplicable here. When SBK filed Articles of Dissolution in Pennsylvania, it did so pursuant to 15 Pa. C.S. § 1980. *See* Articles of Dissolution, attached as Ex. C to Defs.' Opp'n. Section 1980 provides for a corporation's dissolution by domestication under the laws of another jurisdiction. The official commentary to Section 1980 states that "[t]he effect of filing under this section is not to dissolve the corporation in the ordinary sense but simply to terminate its status as a domestic business corporation. The existence of the corporation is not affected because the same entity continues to exist in the new jurisdiction of incorporation." 15 Pa. C.S. § 1980 cmt. (West 2010). Because the corporation still exists under the laws of another state, plaintiffs' remedies against the corporation are preserved. Section 1979's survival period is thus not necessary when a corporation dissolves under Section 1980.

As SBK's Articles of Dissolution indicate, the defendant was "domesticated to Delaware and subsequently converted to a Delaware Limited Liability Company under Delaware and Pennsylvania law." Articles of Dissolution, attached as Ex. C to Defs.' Opp'n. At no point

during this process did the defendant cease to exist as a corporate entity.[1] The defendant's corporate restructuring did not eliminate or impair any remedies available to the plaintiffs. Therefore, the two-year survival period under Section 1979 is inapplicable. The Court thus concludes that GSK LLC is a Delaware citizen and that 15 Pa. C.S. § 1979 does not apply.

III. **CONCLUSION**

Accordingly, for the reasons stated above, it is hereby ORDERED that plaintiffs' motion to remand is DENIED.

**SO ORDERED** this 10th day of September 2010.

ROYCE C. LAMBERTH
Chief Judge
United States District Court

---

[1] The defendant did not dissolve as a corporate entity when it converted into a Delaware corporation. Under 8 Del. C. § 1265,

> [u]nless otherwise agreed for all purposes of the laws of the State of Delaware or as required under applicable non-Delaware law, the converting other entity shall not be required to wind up its affairs or pay its liabilities and distribute its assets, and the conversion shall not be deemed to constitute a dissolution of such other entity and shall constitute a continuation of the existence of the converting other entity in the form of a corporation of this State.

Similarly, the defendant did not dissolve when it converted from a Delaware corporation to a Delaware limited-liability company. Under 6 Del. C. § 18-214(e),

> the conversion of any other entity into a domestic limited liability company shall not be deemed to affect any obligations or liabilities of the other entity incurred prior to its conversion to a domestic limited liability company or the personal liability of any person incurred prior to such conversion.

5